Jack KEENER and Plumton Manor, Inc.

v.

**ZONING HEARING BOARD OF
MILLCREEK TOWNSHIP and
Fleetwing Acres, Inc.**

Appeal of BERKS DISBURSEMENTS
TRUST, Appellant.

Jack KEENER and Plumton Manor, Inc.

v.

**ZONING HEARING BOARD OF
MILLCREEK TOWNSHIP and
Fleetwing Acres, Inc.**

Appeal of FLEETWING ACRES,
INC., Appellant.

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.
Decided June 30, 1998.

Steven B. Barrett, Lansdale, *for appellant*, Berks Disbursements Trust.

David J. Brightbill, Lebanon, *for appellees*, Jack Keener and Plumton Manor, Inc.

Before McGINLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

Berks Disbursement Trust, formerly Fleetwing (Berks), has filed an appeal from orders of the Lebanon County Court of Common Pleas (trial court) which dismissed Berks as an intervenor in this case and approved a stipulation of settlement between Keener and Plumton Manor, Inc. (Keener) and Millcreek Township (Township). We reverse the order of the trial court dismissing Berks as an intervenor and vacate the order approving the settlement between Keener and the Township, and remand to the trial court for further proceedings.

This action stems from a zoning action in which Keener challenged a provision of the Township's zoning ordinance. Keener applied for a use variance and in the alternative sought a validity variance. The purpose of the action was to use approximately ninety-two acres of property owned by Keener as a quarry (the Keener property). The acreage was located in an E–1 Ecologically Sensitive District which would not permit a quarry.

At the time of the variance request, Berks owned a parcel of land adjacent to the Keener property and also owned land across the street from the Keener property. The Keener property was on the south side of the street and Berks' property was on the north side of the street. Berks had intervened before the Zoning Hearing Board (ZHB).

The ZHB denied Keener's application and an appeal was taken to the trial court. Berks then intervened in the trial court proceedings. The case was remanded to the ZHB for the taking of additional evidence concerning a constitutional issue. The Board denied Keener's constitutional challenge and Keener again appealed to the trial court. The Township then filed a notice of intervention. Nothing further happened for about two years. In August of 1996, Keener filed a motion to present additional testimony. A hearing was held and the matter was listed for oral argument. On January 24, 1997, Berks' attorney entered his appearance on behalf of Berks.

After the request for oral argument, the trial court continued the argument to allow Keener and the Township time to amicably resolve their differences. Keener and the Township negotiated a settlement agreement and in January 1997, a joint motion was filed by Keener and the Township seeking approval of the settlement agreement. The settlement agreement would allow Keener to use the property as a quarry, with additional stipulations. Included in the motion filed by Keener and the Township was a rule upon Berks to show cause why the settlement should not be approved. Berks responded, requesting the trial court deny approval of the settlement.

■ During the ongoing dispute in April of 1996, Berks had sold the land across the street from the Keener property to the Shirks for $4.5 million and the Shirks gave Berks a $4 million purchase money mortgage.[1] The record indicates that there are plans to develop this property as a housing development. Subsequently, on October 8, 1996, Berks sold the property that it owned that was adjacent to the Keener property. No mortgage was taken back on this property.

In March 1997, Keener filed a motion asking the trial court to dismiss Berks as an

---

1. A purchase money mortgage is a mortgage or security device taken back to secure performance of an obligation incurred in the purchase of the property. Black's Law Dictionary .1111 (5th ed.1979).

intervenor in the case because of the change in Berks' ownership of the property near the Keener property. The trial court dismissed Berks as an intervenor citing the change in Berks' land ownership and in light of the fact that Berks' interest was being adequately represented by the Township. In addition, the trial court approved the settlement agreement between Keener and the Township. Berks appealed both orders to this Court.

■ Berks raises two issues for our review: (1) whether the trial court erred in determining that Berks was not an interested party, and (2) whether the trial court erred in determining that Berks' interests were being adequately represented by the Township, thereby dismissing Berks as an intervenor from the case.[2] The question of intervention is a matter within the sound discretion of the court below, and unless there is a manifest abuse of such discretion or an error of law was committed, its exercise will not be interfered with on review. *Wilson v. State Farm Mutual Automobile Insurance Company*, 512 Pa. 486, 517 A.2d 944 (1986).[3]

■ Intervention at the trial court level is governed by the Rules of Civil Procedure.[4] Pa. R.C.P. No. 2327(4) states in relevant part that "[A]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if – (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by the judgment in the action." In addition, we have held that the right to intervene is not absolute. *Acorn Development Corporation v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Cmwlth. 138, 523 A.2d 436 (1987), *appeal denied sub nom., Upper Merion Concerned Citizens Committee, Inc. v. Acorn Development Corporation*, 517 Pa. 632, 539 A.2d 813 (1988). To satisfy Rule 2327(4), the applicant must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action. He must have some right, whether legal or equitable which will be affected by the proceedings. *Id.* at 437, 523 A.2d 436, citing 8 Goodrich–Amram 2d § 2327:7.

Berks argues that it is an interested party pursuant to Rule 2327(4) because it has an interest as a mortgage holder in the property directly across the street from the Keener property, and this interest as a mortgage holder should be sufficient to allow it to remain an intervenor in this case.

It is clear that Berks no longer owns any property either adjacent to or across the street from the Keener property. But, Berks does hold a purchase money mortgage on property directly across the street from the Keener property. We have held that a lien against property does satisfy the requirement of interest in Rule 2327(4), *Acorn*. Therefore, the lien against the property across the street from the Keener property

---

**2.** Berks raises a third issue asking whether the settlement agreement between Keener and the Township should be stricken as spot and contract zoning. We do not reach this issue since the case is disposed of on the first two issues raised by Berks.

**3.** It should be noted that Berks had already been permitted to intervene in this matter when it owned property adjacent to and across the street from the Keener property. Berks has not been denied the right to intervene, but has been dismissed as an intervenor. The parties and the trial court have examined this case and made their analysis' as if Berks was seeking the right to intervene. In light of a lack of cases addressing · the dismissal of an intervenor from an action, it is logical to examine this case using the criteria set forth in the Rules of Civil Procedure governing the allowance of intervention.

**4.** Intervening in a zoning appeal is governed by § 1004–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of December 21, 1988, P.L.1329, 53 P.S. § 11004–A. The MPC provides the following guidelines: "Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course ... All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure." Since Berks is not an owner or tenant of the property directly involved, the Rules of Civil Procedure will govern.

does fall within the test of what is a legally enforceable interest.

Moreover, the case law does not hold that the property in question must be adjacent to the property at issue in the zoning case for there to be an interest. The case law discusses whether the property in question is in the vicinity of the property that is at issue in the zoning case. *See Esso Standard Oil Company v. Taylor*, 399 Pa. 324, 159 A.2d 692 (1960) (owners of property in the immediate vicinity of the property involved in the litigation have the requisite interest and status to become intervenors within Pa. R.C.P. No. 2327(4)); *Vartan v. Zoning Hearing Board of the City of Harrisburg*, 161 Pa. Cmwlth. 210, 636 A.2d 310 (1994) (discusses whether the association requesting to intervene owns property or has a lien on property in the vicinity of or that would be directly affected by the proposed development); and *Acorn Development Corp.*, 523 A.2d at 438 (discusses whether those requesting to intervene own property in the vicinity of the property in question).

■ Accordingly, we conclude that the $4 million mortgage which Berks holds on the property across the street from the proposed quarry provides Berks with the interest necessary to satisfy Rule 2327(4).

■ Berks then argues that its interests are not adequately represented by the Township. Pa. R.C.P. No. 2329(2) states that "an application for intervention may be refused, if – (2) the interest of the petitioner is already adequately represented." Even if there is a legally enforceable interest under Rule 2327(4), a mere prima facie basis for intervention is not enough and intervention may be denied if the interest of the petitioner is already adequately represented. *Wilson*, 512 Pa. at 492, 517 A.2d at 947. Because we have concluded that Berks does have a legally enforceable interest pursuant to Rule 2327(4), we must examine whether its interests are already adequately represented by another party, *i.e.*, the Township.

At the outset of this case in 1991, the Township denied the variance requests of Keener. It continued to deny Keener's requests until January of 1997, when it entered into a settlement agreement with Keener. At that time it was agreed that Keener could use the property as a quarry, with some stipulations.

■ While the Township may have adequately represented Berks' interest throughout most of the controversy, when it entered into a settlement agreement with Keener to allow the use that Berks has opposed all along, the Township no longer represented Berks' interests.

In *Esso Standard Oil Company*, 399 Pa. at 331, 159 A.2d at 696, our state Supreme Court held that because the township did not enter an appearance in the case to oppose Esso's appeal, it was clear that the interests of those wishing to intervene were no longer adequately represented. Similarly, in this case, the Township obviously has not appeared to oppose Keener since they are a party to the settlement agreement. They essentially are now on Keener's side of the controversy since they have agreed to allow Keener to use the property as a quarry. There is now no party involved that will adequately represent the interests of Berks at this stage of the controversy.

■ The right to intervention should be accorded to anyone having an interest of his own which no other party on the record is interested in protecting. *Bily v. Board of Property Assessment, Appeals and Review of Allegheny County*, 353 Pa. 49, 44 A.2d 250 (1945). Clearly, Berks has a legally enforceable interest and there is no other party at this point in the controversy that is protecting that interest. Berks should have the opportunity to voice its concerns about what would happen to the value of the property on which it holds the mortgage, in order to protect its interests.

Therefore, we conclude that the trial court abused its discretion and erred as a matter of law when it dismissed Berks as an intervenor in this case. Accordingly, the order of the trial court dismissing Berks as an intervenor is reversed and the order approving the settlement between Keener and the Township is vacated. The case is remanded to the trial court to allow Berks to intervene and present argument on the merits of its claim.

### ORDER

NOW, June 30, 1998, the order of the trial court dated September 4, 1997, and docketed at No. 91–00952 dismissing Berks as an intervenor is reversed, the order of the trial court dated September 10, 1997, also docketed at No. 91–00952 approving the Stipulation of Settlement between Keener and the Township is vacated, and the case is remanded to the trial court to allow Berks to intervene and present argument on the merits of its claim.

Jurisdiction relinquished.