# Redbank Trading Co. v. Ridgeview Gas Co.

Maureen Sweeney, for petitioner Miller.

*Leo Stepanian,* for plaintiff Redbank Trading Company Inc.

*John Drayer,* for defendant.

VALASEK, *P.J.,* July 21, 2008—Before the court for disposition is Daniel M. Miller's petition to intervene. Miller owns 50 percent of the shares of plaintiff Redbank Trading Company Inc. Charles M. Thomas owns the remaining 50 percent of Redbank's shares. Thomas is also president, secretary and treasurer of Redbank, which he incorporated in 2002 as the sole shareholder. Miller is not an officer.

Redbank's sole asset is a 100-acre vacant parcel (the property) in Madison Township, Armstrong County. Redbank purchased the property on January 7, 2002 while Thomas was Redbank's sole shareholder. By shareholder agreement dated December 8, 2003, Miller became a 50 percent shareholder of Redbank "in consideration for repayment of one-half of the monies Mr. Miller lent to Mr. Thomas to purchase its real property located in Madison Township, Armstrong County . . . ." Minutes of special meeting of Redbank directors, exhibit F of Redbank's brief in opposition to petition to intervene.

The underlying action was commenced in 2006. Redbank alleged in its complaint that Ridgeview Gas Company or its predecessors-in-interest surrendered or abandoned a 91-year-old gas and oil lease of the property; or let the lease expire or terminate. Redbank seeks to eject defendant and to quiet title to the oil and gas rights. Alternatively, Redbank seeks a declaration that

the lease has been surrendered or abandoned beyond the one site where a gas well operated by Ridgeview is located so that Redbank can lease the remaining property. According to Miller, after the pleadings closed:

"Redbank and Ridgeview . . . engaged in settlement discussions regarding a *new* oil and gas lease with more specific terms as to Ridgeview's obligations. . . . [A]round September 2007, after counsel for both Redbank and Ridgeview had been negotiating the terms of a new oil and gas lease to resolve this case, Thomas declared that the settlement would not proceed on those terms and instead stated that his personal attorney, Leo Stepanian, would take over the matter for the corporation. Mr. Stepanian entered his appearance for Redbank, in the within action, on October 10, 2007. Mr. Miller did not agree to Mr. Thomas' actions rejecting a settlement, and did not consent to the engagement of Mr. Stepanian.

"Subsequent to the unilateral hiring of Attorney Stepanian as counsel for Redbank in this matter, Thomas has effectively frozen Miller out of the decision-making process for the corporation, such that Miller's 50 percent interest in the corporation and, more specifically, his interest in the ultimate disposition of this litigation, is no longer being represented." 5/27/08 brief in support of petition to intervene at 2. For those reasons, Miller seeks to intervene in this case.[1]

_____

1. Miller further alleges that Thomas has proposed to create a new entity solely controlled by Thomas, which will own the property's oil and gas rights and control all royalty proceeds. Petition to intervene, 1513-15, at 4.

The primary rule on granting intervention is Pa.R.C.P. 2327, which states in, pertinent part, "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene . . . , subject to these rules *if . . . (4) the determination of such action* may affect any *legally enforceable interest* of such person whether or not such person may be bound by a judgment in the action." Pa.R.C.P. 2327(4). (emphasis added)

"The exact boundaries of what constitutes a 'legally enforceable interest' for purposes of intervention . . . are not clear since the question depends upon the careful exercise of discretion and a consideration of all the circumstances involved in a particular case." Goodrich-Amram 2d §2327:8, p. 339 (2007), citing *In re Pennsylvania Crime Commission,* 453 Pa. 513, 309 A.2d 401 (1973).

Undoubtedly, "[t]he right of intervention should be accorded to anyone *having title to property which is the subject of litigation,* provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting." *Bily v. Board of Property Assessment, Appeals and Review of Allegheny County, Pa.,* 353 Pa. 49, 51, 44 A.2d 250, 251 (1945). (emphasis added)

The concept of a "legally enforceable interest" was further discussed in *Keener v. Zoning Hearing Board of Millcreek Township,* 714 A.2d 1120 (Pa. Commw.

1998), where the Commonwealth Court stated: "To satisfy Rule 2327(4), *the applicant must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action.* He must have some right, whether legal or equitable, which will be affected by the proceedings." *Id.* at 1122. (emphasis added) (citations omitted) Applying the above test, the Commonwealth Court held that an individual holding a mortgage on property affected by a zoning dispute had a legally enforceable interest and should remain as an intervenor in the zoning case. The decision was based upon the fact that the intervenor had a lien *on* the property.

Here, Miller asserts that because he loaned approximately $33,000 to Redbank which was then used for the purchase of the property, he "owns an interest in the property that is the subject of this litigation . . . [and] the determination of this action will affect his legally enforceable interest in same." Miller's brief in support of petition to intervene at 4.

The court is not convinced that under these facts, Miller has a legally enforceable interest *in the property which is the subject of this lawsuit.* The corporation, not Miller, owns the property. The fact that Miller's shares were purchased in exchange for money Miller previously loaned Redbank to purchase the property does not give Miller a lien upon, or equitable interest in, the property itself. Although it is true that the value of the property and future income from the property may be affected by this lawsuit, that does not equate with Miller having a legally enforceable interest in the real property either.

Miller has also suggested that Miller's legal or equitable rights are directly affected by this lawsuit because the property at issue is Redbank's *only* asset. However, Miller has not cited, nor has the court unearthed, any case where a shareholder was found to have a "legally enforceable interest" warranting intervention as a plaintiff simply because the litigation involved the corporation's sole asset. In essence, Miller is asking the court to pierce the corporate veil and treat Miller and Thomas as having individual legal or equitable title to the property based upon their status as shareholders in Redbank. This the court will not do.

This case will surely turn into litigation over corporate governance if the court grants Miller's petition to intervene. See Miller's reply to new matter of Redbank.[2] It is clear that Miller and Thomas are at an impasse with respect to the governance of Redbank.[3] However,

2. Miller alleged in his reply: "Thomas usurped the authority of Miller at a shareholder meeting on February 6, 2008, refusing to acknowledge Miller's position as a director of Redbank, despite the special meeting held December 8, 2003 at which 50 percent ownership and control of the corporation was transferred to Miller, and by refusing to allow Miller to vote as a director in the election of corporate officers." Reply 137. The reply also alleged that Thomas' election as president on January 2, 2002 violated article V of Redbank's corporate bylaws and that article IV of the bylaws violates 15 Pa.C.S. §1723. Finally, Miller specifically stated that by seeking to intervene, he is attempting to assert and preserve his own rights in the corporation as a director and 50 percent shareholder and [to] prevent Thomas from usurping the rights and benefits owed to Miller by nature of his 50 percent ownership and control interest in the corporation." Reply, 139.

3. In fact, according to Redbank, Miller filed a specific performance action in the Butler County Court of Common Pleas in February of 2008 which seeks to have Thomas convey his 50 percent share of Redbank to Miller under a theory of specific performance.

Miller's remedy for this impasse is contained in Pennsylvania's Business Corporation Law, not intervention in this litigation. See 15 Pa.C.S. §§1712, 1981, 1985.

For all the above reasons, the court finds that Miller has failed to satisfy the standard for intervention outlined in Pa.R.C.P. 2327. Therefore, his petition to intervene will be denied.

An appropriate order will be entered.

### ORDER

And now, July 21, 2008, after due consideration of Daniel M. Miller's petition to intervene, it is ordered that the petition to intervene be and hereby is denied.