# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Innovation Ridge Partners, L.P., | : | |
| Regional Industrial Development | : | |
| Authority | : | |
| | : | |
| v. | : | No. 30 C.D. 2023 |
| | : | |
| Marshall Township Board | : | |
| of Supervisors | : | |
| | : | |
| Appeal of: Innovation Center | : | |
| Associates, LP | : | Submitted: June 9, 2023 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                             FILED:  July 26, 2023

      Appellant Innovation Center Associates, LP (Innovation) appeals two orders issued by the Court of Common Pleas of Allegheny County (Common Pleas). The first order, issued on December 16, 2022, denied Innovation's Petition to Intervene in Appellees Innovation Ridge Partners, L.P. and Regional Industrial Development Corporation's (IRP and RIDC,[1] individually, and Developers, collectively) appeal, which pertained to Appellee Marshall Township Board of Supervisors' (Board) denial of IRP's conditional use application (Application). The second order, issued on December 19, 2022, approved the Board's and Developers' settlement agreement regarding that appeal. After thorough review, we reverse the December 16, 2022

---

[1] RIDC is incorrectly named in this appeal's caption as "Regional Industrial Development *Authority*."

order, vacate the December 19, 2022 order, and remand this matter to Common Pleas for further proceedings.

## I. Background

Innovation owns a roughly 9-acre parcel of land, located at 2000 Innovation Drive in Marshall Township, upon which it has built an approximately 90,000-square foot office building (Property). Reproduced Record (R.R.) at 2073a-78a. Innovation purchased this property from IRP, which is a subsidiary of RIDC[2] and is part of a larger 223-acre office park complex known as Innovation Ridge (Office Park), which is in Marshall Township's Residential, Research and Technology Park District. *Id.* at 2075a-76a; *see id.* at 14a-15a, 1849a. The permitted uses for Office Park's 26 parcels, including the Property, are governed by a Master Plan, which was approved by the Board in 2002. *See id.* at 15a-18a.

In May 2021, an entity known as Millcraft Investments, Inc. (Millcraft) filed a conditional use application with the Township, through which it sought to modify the existing Master Plan, so that residential development would be allowed on a number of Office Park's parcels. *Id.* at 19a. Township staff then notified Millcraft that it was not the proper applicant, because Millcraft did not possess an equitable interest in Office Park. *Id.* On May 27, 2021, Robert Randall (Randall), an owner and principal of Innovation, sent a letter to an executive at RIDC, in which Randall stated that he was "adamantly opposed" to the proposed Master Plan changes, because, in his view, "[a]llowing residential town homes would totally change the environment of [Office Park] and make it even more difficult to lease [the Property's] building for commercial use." *Id.* at 1249a. Shortly thereafter, in June 2021, IRP filed the Application on behalf of itself and/or RIDC. *See id.* at 19a.

---

[2] *See* R.R. at 19a.

The Board then convened a public hearing regarding the Application on September 13, 2021. Though no one sought party status during the course of the hearing, a number of people, including Randall, offered comments after IRP had finished presenting its case. *Id.* at 20a, 24a-26a.[3] According to the Board, Randall stated that he had been unable to find a tenant for

> the [Property's] building, [but] offered his belief that the office [leasing] market will [improve]. He claimed that representatives of RIDC told him before he purchased [the Property] that there would be no more residential uses on the Property, although he did not identify any specific individual(s). He is opposed to modifying the Master Plan.

*Id.* at 24a. Thereafter, on December 6, 2021, the Board voted to deny the Application, and memorialized this vote through a written decision issued on December 14, 2021. *Id.* at 9a-10a, 26a.

Developers appealed the Board's denial to Common Pleas on December 23, 2021. Common Pleas subsequently held oral argument on May 24, 2022, and encouraged the Board and Developers to negotiate a settlement. *Id.* at 2170a; Developers' Br. at 10-11. Thereafter, on November 3, 2022, the Board notified Randall that it had reached a proposed settlement with Developers and that a public hearing would be held regarding the proposal on November 7, 2022. R.R. at 2096a. Randall attended the hearing and, on November 9, 2022, Innovation filed its Petition

---

[3] It is unclear why Randall did not attempt to become a party during the course of the Board's hearing on the Application. The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202, provides no meaningful guidance about how to secure party status at an administrative hearing about subdivision or land development issues, in contrast to its specific provisos about becoming a party to a zoning-related hearing. *See Miravich v. Twp. of Exeter*, 6 A.3d 1076, 1078-79 (Pa. Cmwlth. 2010). Where, as here, a local agency has adopted formal procedures governing the according of party status in a land development-related hearing, an individual must comply with those procedures in order to secure the right to subsequently appeal an adverse decision rendered in that matter. *See id.* at 1079-80.

3

to Intervene. *Id.* at 2096a-97a. On November 14, 2022, the Board voted in favor of adopting the proposed settlement agreement. *Id.* at 2170a. Common Pleas then held oral argument regarding the Petition to Intervene on December 14, 2022, after which it issued its December 16, 2022 order denying the Petition to Intervene, followed by its December 19, 2022 order approving the proposed settlement agreement. Innovation appealed to our Court shortly thereafter.[4]

## II. Discussion

Innovation offers several arguments for our consideration, which we summarize as follows. First, Common Pleas' denial of the Petition to Intervene was an abuse of discretion and was predicated upon errors of law, because the settlement agreement gave Innovation standing to join Developers' appeal as an original party and would affect Innovation's legally enforceable interests. Innovation's Br. at 21-27. Innovation next argued that the denial was legally and factually incorrect because Innovation's interests were no longer adequately represented by the Board, the Petition to Intervene was timely, and intervention at that juncture would not have prejudiced the Board or Developers. *Id.* at 27-31. Third, Common Pleas' approval of the settlement agreement unlawfully authorized the Master Plan's revision, in violation of the MPC and Marshall Township's Zoning Ordinance.[5] *Id.* at 31-38.

---

[4] Developers subsequently filed a Petition to Require Posting of Appeal Bond in Common Pleas on February 7, 2023, which Common Pleas granted on February 22, 2023. R.R. at 2024a-42a, 2060a. Common Pleas conditioned Innovation's ability to proceed with this appeal upon the posting of a $6,000,000 bond within 10 days, and stated that the bond would be "forfeited" to Developers in the event the appeal was "denied and dismissed." *Id.* at 2060a. Innovation then filed an Application to Eliminate Security Pursuant to Pa. R.A.P. 1737(a)(4) with this Court on March 3, 2023, which we granted on April 27, 2023. In doing so, we relieved Innovation of the obligation to post the aforementioned bond and placed this appeal on an expedited schedule. Cmwlth. Ct. Mem. and Order, 4/27/23, at 1-3.

[5] Marshall Township Zoning Ordinance, Allegheny County, Pa.*, as amended* (2007).

4

Finally, Common Pleas improperly approved the settlement agreement, because the Board and Developers violated Innovation's due process rights by failing to provide adequate notice regarding the terms of that agreement and an opportunity to object thereto. *Id.* at 38-40.

We begin with a recitation of the law regarding intervention in land use appeals. Pursuant to Section 1004-A of the MPC:[6]

> Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

53 P.S. § 11004-A. Moving on, Pennsylvania Rule of Civil Procedure 2327 offers the following instructions regarding who may intervene in a matter:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> > (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
> >
> > (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
> >
> > (3) such person could have joined as an original party in the action or could have been joined therein; or

---

[6] Added by the Act of December 21, 1988, P.L.1329, 53 P.S. § 11004-A.

> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa. R.Civ.P. 2327. However, the fact that a person falls into one of these categories does not automatically entitle them to permission to intervene in a matter. Per Pennsylvania Rule of Civil Procedure 2329:

> Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
>
>> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
>>
>> (2) the interest of the petitioner is already adequately represented; or
>>
>> (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa. R.Civ.P. 2329.

> Considering Rules 2327 and 2329 together, the effect of Rule 2329 is that if the petitioner is a person within one of the classes described in Rule 2327, the allowance of intervention is mandatory, not discretionary, unless one of the grounds for refusal under Rule 2329 is present. Equally, if the petitioner does not show himself to be within one of the four classes described in Rule 2327, intervention must be denied, irrespective of whether any of the grounds for refusal in Rule 2329 exist. *See In re [Pa.] Crime Comm'n*, . . . 309 A.2d 401, 408 n. 11 ([Pa.] 1973); 7 Goodrich Amram 2d Intervention § 2329:3 (1992). Thus, the court is given the discretion to allow or to refuse intervention only where the petitioner falls within one of the classes enumerated in Rule 2327 and only

> where one of the grounds under Rule 2329 is present
> which authorizes the refusal of intervention.

*Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 313 (Pa. Cmwlth. 1999). An appellate court's scope of review regarding the disposition of a petition to intervene is limited to scrutinizing the lower tribunal's ruling for abuses of discretion and errors of law. *Acorn Dev. Corp. v. Zoning Hearing Bd. of Upper Merion Twp.*, 523 A.2d 436, 437 (Pa. Cmwlth. 1987).

Here, Common Pleas explained that it denied the Petition to Intervene "because [Innovation] lacks standing, the Petition [to Intervene] was untimely, and all parties would be significantly prejudiced by [Innovation's] untimely intervention." R.R. at 2172a.[7]  Each of these conclusions, however, are factually and/or legally erroneous.

With regard to the first conclusion, it is unclear why Common Pleas referred to Innovation's putative lack of standing, as it provides no meaningful discussion to buttress its conclusion on that point and, moreover, "the test for standing to initiate litigation is not co-terminus with the test for intervention in existing litigation." *Allegheny Reprod. Health Ctr. v. Pennsylvania Dep't of Hum. Servs.*, 225 A.3d 902, 910-11 (Pa. Cmwlth. 2020). This focus upon standing is all the more curious, considering that Common Pleas also stated that Innovation "presented testimony that its building is less than 200 feet from [Developers'] proposed development and that the settlement [agreement would] negatively affect[] its property interest, property value[,] and leasing opportunities." Common Pleas Op., 3/30/23, at 2. At minimum, this unrebutted evidence supports Innovation's right to intervene under Pennsylvania Rule of Civil Procedure 2327(4). Notably, Developers state in their brief that they

---

[7] As such, we need not address Innovation's argument regarding adequate representation, because that was not one of the reasons why Common Pleas denied the Petition to Intervene.

and Common Pleas "accepted that [Innovation] has a 'legally enforceable interest' because it owns an [Office Park] parcel and has concerns regarding uses permitted [on] parcels proximate to [the Property]." Developers' Br. at 29.

In addition, Common Pleas' second and third conclusions, which present essentially duplicative assertions that the Petition to Intervene was untimely, are simply incorrect. Our decision in *Keener v. Zoning Hearing Board of Millcreek Township*, 714 A.2d 1120 (Pa. Cmwlth. 1998), provides us with guidance. In *Keener*, a landowner was unsuccessful in its attempt to obtain variance relief from the municipality's zoning hearing board that would have enabled it to use its property as a quarry. 714 A.2d 1120, 1121 (Pa. Cmwlth. 1998). The landowner appealed this denial to the Court of Common Pleas of Lebanon County (Lebanon County Court) and the municipality subsequently defended its decision over the better part of the ensuing six years. *Id.* at 1121-23. At some point during these proceedings, a neighbor intervened in opposition to the landowner's appeal. *Id.* at 1121. Thereafter, the municipality and the landowner agreed to a settlement, whereupon both parties sought judicial approval of the agreement and, in addition, the landowner asked Lebanon County Court to dismiss the neighbor as an intervenor because, in pertinent part, the municipality was adequately representing the neighbor's interests. *Id.* at 1121-22. Lebanon County Court granted the landowner's motion to dismiss the neighbor as an intervenor and approved the settlement agreement, whereupon the neighbor appealed those rulings to our court. *Id.* at 1122. Of particular relevance, we reversed the neighbor's dismissal, reasoning that the municipality had adequately represented the neighbor's interests for an extended period of time, but ceased to do so once it agreed to settle the appeal, because that choice caused it to effectively ally itself with the landowner. *Id.* at 1123.

8

Accordingly, we concluded that Lebanon County Court should not have dismissed the neighbor from the appeal and, furthermore, should have given the neighbor an opportunity to argue against judicial approval of the settlement agreement. *Id.*

While *Keener* dealt with a settlement agreement's impact upon adequate representation of an intervenor, and not the timeliness of an intervention request, its logic is still instructive. Similar to what occurred in *Keener*, Innovation's interests were largely coterminous with those of the Board, in that both entities opposed Developers' proposed revisions to the Master Plan, until the Board elected to switch sides, so to speak, by agreeing to settle Developers' appeal in November 2022. This development appears to have taken Innovation by complete surprise, as there is no proof that Innovation knew that Developers and the Board had been negotiating a settlement; rather, it seems that Innovation was unaware of what had been going on behind the scenes until the Board's November 3, 2022 email to Randall. *See* R.R. at 2095a-96a.[8] Thus, Common Pleas should have considered the timeliness of Innovation's Petition to Intervene in the context of these changed circumstances,

[8] The Board argues that the Petition to Intervene was untimely because the Board represented the public interest, rather than Innovation's interests, and also expressed hope in its written decision that Developers would "maintain further dialogue with the Township with regard to potential modifications to the Master Plan[,]" while Developers maintain that the Petition to Intervene was untimely because Innovation was put on notice in May 2021 that Developers sought to amend the Master Plan. *See* Board's Br. at 2-3; Developers' Br. at 26-31. These points, however, do nothing to change the fact that Innovation's interests were substantially similar to those of the Board, at both the local level and before Common Pleas, for nearly the entirety of this matter's proceedings. Nor do they show that Innovation was aware that settlement negotiations were taking place or that the Board's comments regarding "further dialogue" were anything more than aspirational. *Compare Twp. of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 3 (Pa. Cmwlth. 2004) (court of common pleas did not abuse discretion by denying petition to intervene where proposed intervenors were aware of settlement negotiations between municipality and appellant; had previously procured independent legal representation because they did not believe municipality would adequately represent their interests; were invited to join settlement negotiations, but declined to do so; and did not seek to intervene until after the settlement agreement had been adopted by the municipality and approved by the court of common pleas).

rather than by focusing on the time that had elapsed between Developers' filing of their appeal with Common Pleas for the Board's denial of their proposal to revise the Master Plan, and Innovation's attempt to interject itself into the matter. As we have noted in the past, "[e]very delay on the part of the petitioner does not constitute undue delay nor does the fact that intervention is not sought until an advanced stage of the proceedings prove that there has been undue delay. It must be remembered that [ ] Rule [2327] expressly permits intervention 'at any time during the pendency of an action.'" *Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 327 (Pa. Cmwlth. 2021) (quoting 7 GOODRICH AMRAM 2d, Intervention, § 2329:8 (2021), Amram Commentary). Given that Innovation sought to intervene only six days after Randall learned of the proposed settlement agreement's existence, and did so before that agreement was formally adopted by the Board and approved by Common Pleas, Innovation, like the neighbor in *Keener*, should have been given an opportunity to argue against judicial approval of that settlement. As a result, Common Pleas abused its discretion when it concluded that the Petition to Intervene was untimely.

### III. Conclusion

Therefore, we reverse Common Pleas' December 16, 2022 order, through which it denied Innovation's Petition to Intervene and vacate Common Pleas' December 19, 2022 order, through which it approved the Board and Developers' proposed settlement agreement. In addition, we remand this matter to Common

Pleas, with instructions that it convene a hearing within 60 days, at which Innovation shall be offered a chance to argue against judicial approval of that agreement.[9]

                                                _____

                                                ELLEN CEISLER, Judge

---

[9] We need not address the remainder of Innovation's arguments, due to our disposition of this matter.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Innovation Ridge Partners, L.P.,   :
Regional Industrial Development   :
Authority   :
  :
        v.   :   No. 30 C.D. 2023
  :
Marshall Township Board   :
of Supervisors   :
  :
Appeal of: Innovation Center   :
Associates, LP   :

## O R D E R

AND NOW, this 26th day of July, 2023, it is hereby ORDERED:

1.    The Court of Common Pleas of Allegheny County's (Common Pleas) December 16, 2022 order is REVERSED;

2.    Common Pleas' December 19, 2022 order is VACATED;

3.    This matter is REMANDED to Common Pleas, with instructions that it convene a hearing within 60 days, at which Appellant Innovation Center Associates, LP shall be given an opportunity to argue against judicial approval of the proposed settlement agreement between Appellees Innovation Ridge Partners, L.P., Marshall Township Board of Supervisors, and Regional Industrial Development Corporation.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge