408 A.2d 1095

PHILADELPHIA FACILITIES MANAGEMENT CORPORA-
TION, in its own right and on behalf of the Philadelphia Gas
Works and all its ratepaying customers and Philadelphia Gas
Works, in its own right and on behalf of all of its ratepaying
customers

v.

The Honorable Edward G. BEISTER, Attorney General for the
Commonwealth of Pennsylvania and the Honorable Howard A.
Cohen, Secretary of Revenue for the Commonwealth of Penn-
sylvania.

Appeal of TENANT ACTION GROUP.

Supreme Court of Pennsylvania.

Dec. 21, 1979.

George D. Gould, Stephen Bosch, Philadelphia, for appel-
lant.

Barton A. Hertzbach, John J. Leonard, Philadelphia, for
Philadelphia Facilities and Philadelphia Gas Works.

Robert B. Hoffman, Harrisburg, for Biester and Cohen.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, the Tenant Action Group, an organization whose members are tenants and tenant groups in Philadelphia, appeals an order of the Commonwealth Court, denying its petition for intervention in an action commenced in that court by the Philadelphia Facilities Management Corporation and Philadelphia Gas Works.

Plaintiff Philadelphia Gas Works is owned by the City of Philadelphia and supplies gas to customers in that city. Plaintiff Philadelphia Facilities Management Corporation operates and manages the facilities of Philadelphia Gas Works under an agreement with the city.

Defendants in the action are Commonwealth Attorney General Edward G. Biester and Commonwealth Secretary of Revenue Howard A. Cohen.

Plaintiffs challenged the constitutionality of the Utility Service Tenants Rights Act,[1] which provides that when a landlord who is obligated to pay for utility service fails to do, the tenant may avert a shutoff of service by paying the amount due and may withhold from rental payments the amount paid to the utility. The act requires the utility to follow certain procedures before it may discontinue service. Appellant seeks to intervene as a defendant, claiming its members have an interest in the upholding of the act.

Pa.R.C.P. 2327 provides:

". . . [A]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein . . . if [inter alia] . . . the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

1. Act of November 26, 1978, P.L.1255, No. 299, 68 P.S. § 399.1, et seq.

Appellant alleges its members' rights under the challenged act constitute a legally enforceable interest that may be affected.

Under Pa.R.C.P. 2329:

"Upon the filing of the petition and *after hearing*, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

"(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

"(2) the interest of the petitioner is already adequately represented; or

"(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." (Emphasis added.)

Appellant contends it was improper for Commonwealth Court to deny the petition to intervene without a hearing. We agree. Rule 2329, *supra*, clearly states the court is to hold a hearing before acting on a petition to intervene. In *Hayes v. School District of Pittsburgh*, 33 Pa.Cmwlth. 71, 381 A.2d 193 (1977), the court applied that rule to hold a trial court had erred in dismissing a petition to intervene without a hearing, since a hearing was necessary to determine whether the requirements for intervention had been met. We find that *Hayes* should have been followed in the instant case and that a hearing is required.

The order of the Commonwealth Court is reversed and the case is remanded for a hearing on the petition.

MANDERINO, J., did not participate in the consideration or decision of this case.

FLAHERTY, J., files a concurring opinion.

FLAHERTY, Justice, concurring.

Although I concur in the result reached by the majority, I cannot join in the majority opinion which strictly construes the language, ". . . after hearing . . ." contained in Pennsylvania Rule of Civil Procedure 2329. There are many instances when the record alone would provide a sufficient basis for the Court to act on a petition to intervene. Thus, I would construe the language, ". . . after hearing . . ." as requiring a "hearing" only when such is necessary, not where the result can be reached as a matter of law.