Santangelo Hauling, Inc., Kelley Brothers, Inc. and Globe Disposal Co., Inc. *v.* Montgomery County and Montgomery County Solid Waste Management Systems. Appeal of Mark Golen.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Maurice M. Green,* for appellant.

*Thomas L. Gowen, Caiola, Caiola & Gowen,* for appellees, Globe Disposal Co., Inc. and Kelley Brothers, Inc.

OPINION BY JUDGE WILLIAMS, JR., August 9, 1984:

Mark Golen has appealed from an order of the Court of Common Pleas of Montgomery County deny-

ing him leave to intervene in a particular equity action.

On May 29, 1981, three trash hauling companies commenced an action for injunctive relief against Montgomery County and Montgomery County Solid Waste Management Systems. By their suit, the companies sought to restrain the defendants from excluding non-county trash from the Montgomery County Landfill (Landfill). On June 3, 1981, following a hearing on that matter, the trial court entered an adjudication which upheld the defendants' right to exclude, from the Landfill, trash which did not originate in Montgomery County. The court, moreover, enjoined the plaintiffs from dumping such trash at the site.

On April 14, 1982, almost a year after the trial court's adjudication in the equity action, Mark Golen petitioned the court for leave to intervene as a party-defendant. In his petition Golen alleged that he was a taxpayer and property owner in Montgomery County, and that one of the trash haulers was violating the injunction by dumping trash from Philadelphia at the Landfill. Golen further alleged that the purpose of his intervention was to secure compliance with the court's injunction of June 3, 1981, and that the agencies of Montgomery County had refused or failed to enforce it.

By an order dated July 23, 1982, the trial court denied Golen's petition to intervene. The court concluded that he did not come within any of the four classes of persons who, under Pa. R.C.P. No. 2327, are permitted to intervene in an action. The court also determined that the petitioner's interest was already adequately protected. In denying Golen's petition, the court reached its decision without conducting a hearing.

Based on the fact that the court below disposed of his petition without a hearing, the appellant asserts that we must vacate the order denying him leave to intervene. That is his sole argument in this appeal.

True, it has been held that a petition to intervene cannot properly be denied without a hearing. *Philadelphia Facilities Management Corp. v. Beister*, 487 Pa. 61, 408 A.2d 1095 (1979) ; *Hayes v. School District of Pittsburgh*, 33 Pa. Commonwealth Ct. 71, 381 A.2d 193 (1977). The reason for requiring a hearing is clear : to give the petitioner the opportunity to establish, factually, "that he comes within one of the four categories of persons who are entitled to intervene under Pa. R.C.P. No. 2327." *Hayes; see Philadelphia Facilities Management Corp.* However, the question of whether a person comes within one of those categories is irrelevant, if the action in which he seeks to intervene ceased to be pending prior to the filing of his petition. Pa. R.C.P. No. 2327 permits intervention only "during the pendency of an action." *Robinson Township School District v. Houghton*, 387 Pa. 236, 128 A.2d 58 (1956) ; *Groff v. Township of Ulster*, 65 Pa. Commonwealth Ct. 584, 442 A.2d 1255 (1982). Therefore, if an action is no longer pending, a court would have no power to permit intervention; and, a hearing on the petition would be a futile exercise.

As noted with regard to the instant appellant, the equity action in which he sought to intervene was adjudicated almost one year before he filed his petition. It is well established that, after an adjudication, an action is no longer pending; and a petition to intervene is then too late. *Robinson Township School District; Groff.* Consequently, the court below could not have allowed Golen's petition—with or without a hearing.

For the reasons set forth herein, the order of the court below is affirmed.

430

AND Now, the 9th day of August, 1984, the order of the Court of Common Pleas of Montgomery County dated July 23, 1982, at No. 81-10426, is affirmed.