616 A.2d 1057

Joseph N. CHAIRGE and Ruth V. Chairge, his wife

v.

EXETER BOROUGH ZONING HEARING BOARD.

**Appeal of Carl LUCHETTI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 21, 1992.

Peter Eyre Price, Jr., for appellant.

James T. Lesho, for appellees.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Carl Luchetti (Luchetti) appeals from the January 29, 1992 order of the Court of Common Pleas of Luzerne County denying his petition to intervene filed pursuant to Pa.R.C.P. No. 2328. The issue raised on appeal is whether the trial court erred in denying Luchetti's petition without a hearing.

On December 24, 1990, the zoning officer of Exeter Borough, Luzerne County, approved Luchetti's application for a building permit for construction of an accessory storage building. The plot plan submitted with the application showed a rear yard setback of five feet instead of ten feet as required by the Exeter Borough Zoning Ordinance (Ordinance). In March 1991, another zoning officer informed Luchetti that the building, which was nearly completed, violated the setback requirement of the Ordinance. Thereafter, Luchetti filed an application for a variance from the setback requirement. After a hearing at which Luchetti acted pro se, the Exeter Borough Zoning Hearing Board (Board) granted him a variance. On appeal by Joseph N. Chairge and Ruth V. Chairge, owners of property located to the rear of Luchetti's property, the trial court issued an order dated December 30, 1991 reversing the Board's decision.

On January 28, 1992, Luchetti filed his petition to intervene alleging that the trial court's decision would require him to remove the building which was constructed in reliance upon the building permit and that he should be permitted to appeal the court's decision to this Court. Based upon the record before it, the trial court concluded that Luchetti had knowledge of the pending zoning appeal but failed to intervene prior to its final disposition, and that he did not allege any extraordinary circumstances for the delay in requesting intervention.

This Court's scope of review of the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law. *Acorn Dev. Corp. v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Commonwealth Ct. 138, 523 A.2d 436 (1987), *appeal denied sub nom. Upper Merion Concerned Citizens Committee, Inc. v. Acorn Dev. Corp.*, 517 Pa. 632, 539 A.2d 813 (1988). The right to intervene in a zoning appeal from a decision of the Board is governed by Section 1004–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July

31, 1968, P.L. 805, *as amended,* 53 P.S. § 11004–A,[1] which provides:

### § 11004–A.  Intervention

Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record.  All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

Since Luchetti failed to intervene as of course in the Chairges' appeal to the trial court within the time period set forth in Section 1004–A, his request to intervene was governed by the intervention provisions of Pa.R.C.P. Nos. 2327–2329.  *Mack v. Zoning Hearing Board of Plainfield Township,* 126 Pa.Commonwealth Ct. 80, 558 A.2d 616 (1989).

■ R.C.P. No. 2327 provides in pertinent part as follows:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

. . . . .

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

Undoubtedly, Luchetti was within the class of persons permitted to intervene under R.C.P. No. 2327(4) because the outcome of the proceeding would affect his interests as owner of the subject property.  However, the court may deny intervention if, inter alia, "the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties."  R.C.P. No. 2329(3); *Wilson v. State Farm Mut. Auto. Ins. Co.,* 512 Pa. 486, 517 A.2d 944 (1986).

---

1. Section 1004–A was added by Section 101 of the Act of December 21, 1988, P.L. 1329.  A similar provision was contained in Section 1009, *formerly* 53 P.S. § 11009, which was repealed in 1988.

Moreover, a petition to intervene filed after entry of a decree should be denied except in extraordinary circumstances. *M.J.M. Financial Services, Inc. v. Burgess,* 111 Pa.Commonwealth Ct. 301, 533 A.2d 1092 (1987).

■ The question of the timeliness of a petition to intervene is one exclusively within the exercise of the trial court's discretion. *Templeton Appeal,* 399 Pa. 10, 159 A.2d 725 (1960). On appeal, this Court may not interfere with that discretion absent a manifest abuse. *Wilson; Jackson v. Hendrick,* 498 Pa. 270, 446 A.2d 226 (1982). In the matter sub judice, the Chairges' counsel served upon Luchetti copies of the notice of appeal and the trial court's order scheduling a hearing. Thus, Luchetti had ample notice and opportunity to intervene in the appeal proceedings pursuant to Section 1004–A of the MPC and having failed to do so, must provide a valid explanation for taking no action until after entry of the trial court's decree. *Jackson.*[2]

■ Luchetti argues that the trial court erred in denying his petition without a hearing and requests a remand to the trial court for an opportunity to present "extenuating circumstances" for the delay. Luchetti acknowledges his awareness of the pending zoning appeal before the trial court but contends that his delay was caused by an erroneous assumption that his rights were adequately represented by the Board. According to Luchetti, he chose not to obtain counsel until after his discovery that the Borough would not appeal the trial court's decision and thereafter he acted promptly in obtaining counsel to file the petition to intervene.

2. The owner of property which was directly involved in the proceeding before the Board must appear or intervene in the zoning appeal to the trial court to have party status and standing to appeal to this Court. *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa.Commonwealth Ct. 27, 475 A.2d 1366 (1984). The rationale behind this principle is that the party pursuing appellate review should be one of the parties who developed the record and decision to be reviewed. *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa.Commonwealth Ct. 296, 427 A.2d 776 (1981). Even if Luchetti were permitted to intervene and to appeal to this Court, a meaningful appellate review of the trial court's decision would be foreclosed because Luchetti did not participate in the appeal proceedings.

■ Generally, a petition to intervene cannot be denied without a hearing to allow the petitioner an opportunity to establish that the requirements for intervention have been met. R.C.P. No. 2329; *Philadelphia Facilities Management Corp. v. Beister,* 487 Pa. 61, 408 A.2d 1095 (1979); *Santangelo Hauling, Inc. v. Montgomery County,* 84 Pa.Commonwealth Ct. 427, 479 A.2d 88 (1984). However, Luchetti merely alleged in his petition that he relied upon the building permit and is therefore entitled to a variance from the setback requirement. These allegations clearly relate to the merits of the zoning appeal and do not raise extraordinary circumstances which would justify granting intervention after entry of the decree. The trial court therefore properly denied the petition without a hearing, *Santangelo,* and its order shall be affirmed.

## ORDER

AND NOW, this 21st day of October, 1992, the order of the Court of Common Pleas of Luzerne County dated January 29, 1992 is affirmed.